EVA BRENNER

*v.*

PHILIP A. GAUCH, Exr.

WIDOW'S AWARD—*effect of ante-nuptial agreement.* A provision in an ante-nuptial agreement that the wife, at the husband's death, shall have and receive from his estate the sum of $1500, which shall be *received* by her in lieu of her dower, and in full satisfaction of *all other* rights, claims and interests which she might otherwise have, does not, of itself, bar her claim to the widow's award under the statute. It is the receipt of the money that is to have that effect, and, until it is paid or tendered to her, she will have the right to have appraisers appointed to appraise and set off the award.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Mr. JOHN B. HAY, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant filed her petition in the county court for the appointment of appraisers, to appraise and set off to her, out

of the estate of her deceased husband, what in our statute is called the "widow's award."

The county court allowed the petition, and the executor appealed to the circuit court, where judgment was rendered against the application.

The decision of the circuit court was made on demurrer to the petition.

The only question presented to this court is, whether the right of the widow in this regard is, or is not, cut off by an ante-nuptial agreement, which is set out in the petition.

On the one hand, it is insisted that her right to a "widow's award" is in no way affected by the ante-nuptial agreement, and that she is entitled to the full benefit of both; while, on the other, it is claimed that she is barred from claiming a widow's award by the mere execution of the ante-nuptial agreement by her and her deceased husband.

The provision in that agreement, relied upon as a bar to this claim, is, that "at his death she shall have and receive from his estate the sum of $1500, which sum shall be *received* by her in lieu of her dower, and in full satisfaction of all *other* rights, claims and interests which she might otherwise have in the estate * * * by virtue of said marriage." Deceased left no heirs interested in having the "widow's award" set off to her.

By a fair construction of this agreement, the mere execution of the paper was not intended to be "in lieu of her dower and in full satisfaction of all other rights, claims and interests," but it is the *receipt* of the $1500 which was to thus operate as a substitute for such claims. Her right to the "widow's award" remains unaffected by the ante-nuptial agreement until the $1500 mentioned therein shall have been paid or tendered to her. She is under no obligation to take the place of an ordinary creditor, and take the hazard of the solvency of the estate, or await the delay of its administration. On the face of the petition, she is entitled to the relief sought.

If the executor seeks to avail himself, as such, of the pro-

visions of the agreement as a bar to this proceeding, he may pay the amount, and then plead it as a defense.

The judgment must be reversed, and the cause remanded for further proceedings in conformity to the views here expressed.

*Judgment reversed.*