### Dora Smith, Appellee, v. Nellie G. Downs, Appellant.

EXECUTORS AND ADMINISTRATORS—*when widow required to pay rent for homestead and to account for income from other property.* Where, by an antenuptial contract, the wife agreed to receive a certain sum to be paid out of the husband's estate, in case of his death, in lieu of homestead, dower, widow's award and any distribution that might be coming to her as his widow under the laws of Illinois in the property owned by the husband, its value being specified in the contract, including real estate in the State of Kansas, and the sum named was received by the widow out of the estate, she was, where there were no minor children, properly required to pay a reasonable rental for the homestead which she occupied for one year after the husband's death and to account in full for income received from the property in Kansas, especially where no showing was made as to her claimed right to retain one-half of such sum under the laws of that State.

Appeal from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921.

HOGAN & REESE and CAREY E. BARNES, for appellant.

LESLIE J. TAYLOR and M. J. FITZGERALD, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant, Nellie G. Downs, is the widow of James H. Downs, deceased. Prior to their marriage they entered into an antenuptial contract which contained the following item:

"The party of the first part agrees that upon his death there shall be paid to the party of the second part from his estate the sum of Ten Thousand Dollars ($10,000.00) in cash.

"The party of the second part agrees to receive and accept the above amount in full satisfaction of any and all claims that she may have against the property of the party of the first part, for and in lieu of homestead, dower, widow's award and any distribution then that might be coming to her as his widow under the laws of the State of Illinois.

"It Is Further Understood by the party of the second part that the party of the first part is the owner of lands situated in the State of Illinois of the value of One Hundred and Fifty Thousand Dollars ($150,000.00) and lands situated in Kansas worth Thirty Thousand Dollars ($30,000.00), and of personal property of the value of One Hundred Thousand Dollars ($100,000.00) and she enters into this agreement with the full understanding of such value of the property of the party of the first part."

James H. Downs left surviving him at his death his wife and three grown daughters as his only heirs at law. Appellee is one of those daughters. In the administration of the estate appellant received $10,000 pursuant to the terms of the antenuptial contract. She occupied the homestead in Assumption, Illinois, for approximately one year after her husband's death. The rental of this homestead was reasonably worth $25 per month. She also collected rents from real estate in the State of Kansas which her husband owned at the time of his death to the amount of $2,001.35, half of which she retained for herself claiming that she was entitled to it under the statutes of Kansas. This suit was begun by appellee to recover from appellant $100, which was one-third of the reasonable rental value of the homestead in Assumption for the time the widow occupied it after the death of her husband, and $333.55, being one-third of the $1,000.67 of rent from the Kansas lands which appellant received

after the death of her husband and has not turned over to his daughters. The case was tried by the court, a jury being waived. A judgment was rendered against appellant for $433.50, from which she appeals.

No claim is made against the validity of the antenuptial contract, but it is stipulated that the widow has received in cash out of the estate the full sum of $10,000 in accordance with the antenuptial agreement; that she occupied the homestead in Assumption for approximately one year after her husband's death, and that $25 per month is a reasonable rental therefor; and that she has received $2,001.35 as rental of Kansas land owned by her deceased husband at the time of his death and has turned over to his daughters only one-half of that amount and still retains the other one-half.

The contentions of appellant are that she was entitled to the use of the homestead in Assumption until she was paid the money mentioned in the antenuptial contract; and second, that notwithstanding that contract she became the owner by inheritance under the statutes of the State of Kansas of one-half of the Kansas property upon the death of her husband, and being the owner of that one-half in fee she was entitled to retain one-half of the rentals received by her from the whole property there.

It seems clear that it was the intent of the parties when they entered into the antenuptial contract to have appellant, upon the death of her husband, receive $10,000 in lieu of every interest she would otherwise have had under the laws of the State of Illinois in all of her husband's estate growing out of the marital relations which they were about to and did directly thereafter assume, and that the contract should be so construed for all purposes. The fact that the last part above quoted from the contract recites the prop-

erty of which James H. Downs was then the owner, and names the value thereof and that in that list Kansas real estate of the value of $30,000 was scheduled is extremely persuasive to the point of conviction that the $10,000 named in that contract was intended to be in lieu of what she would have been entitled to by the law in all his property wherever located. Why mention Kansas property if only Illinois property was to be affected by the contract? The clause of the contract referred to also recites that appellant understood that James H. Downs then owned the property therein scheduled including the Kansas land, and that the value of the same was as therein stated. The receipt of the money provided to be paid and accepted by the terms of a contract of this kind that in terms bars homestead and dower, not only bars such rights where there are no minor children (*Colbert v. Rings,* 231 Ill. 404; *Brenner v. Gauch,* 85 Ill. 368; *Dickason v. English,* 272 Ill. 368), but precludes the appropriation of the rents received by her from such lands to her own use. (*Christy v. Marmon,* 163 Ill. 225.)

What might have been the rights of appellant if she had repudiated the antenuptial contract and sought to avail herself of her dower and homestead interests in the property owned by her husband at his death, we are not called upon to determine. What we hold is that as there were no minor children and as after the death of her husband appellant accepted the $10,-000 in cash from his estate in attempted compliance with the terms of the antenuptial contract, she cannot now be heard to claim any of those rights which she agreed to relinquish for the $10,000. Among those rights which she clearly sold and relinquished was the right to occupy the homestead premises in Assumption until her homestead was assigned to her. The finding of the court that she should pay rent for the occupancy of that homestead was clearly right.

As to the rental of the Kansas lands, it is stipulated

that appellant has received $2,001.35 rental from lands in Kansas that were owned by her husband at the time of his death, and that she still has half of that sum in her hands and claims the right under the laws of Kansas to retain it. It is conceded that if appellant is not entitled to retain it appellee is entitled to recover from her on that account $333.55. She claims the right to retain this money by virtue of some law of Kansas, but no law of the State of Kansas showing that she had that right was introduced in evidence, or is in any proper way before us for our consideration, nor has she in any other way shown her rights to retain the rent referred to. The rulings of the court on the propositions of law presented were in accord with the views here expressed.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*